850 F.2d 688
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Grace CZERNIAK and Stuart Windsor, Plaintiffs-Appellants,
v.
E.I. dUPONT dENEMOURS AND COMPANY, INC., Defendant-Appellee.
 No. 87-3603.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 14, 1988.
Decided: July 1, 1988.
 
 Jim McCadden, for plaintiffs-appellants.
 Jervis S. Finney and John F. Morkan, III, Ober, Kaler, Grimes & Shriver, for defendant-appellee.
 Before WIDENER and CHAPMAN, Circuit Judges, and JAMES B. McMILLAN, District Judge for the Western District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Plaintiff-appellant Grace Czerniak chartered plaintiff-appellant Stuart Windsor's fishing boat on July 7, 1983. Later that same day, Czerniak caught a 1,210-pound tiger shark off Ocean City, Maryland. At the time, both plaintiffs believed this fish to be a world record for the International Game Fishing Association's "37 kilogram" class. However, plaintiffs' elation was rudely shattered when they later discovered that the "80 lb. test" fishing line Czerniak had used was not suitable for world record fishing in the 37 kilogram class because it was too strong. Defendant E.I. duPont deNemours and Company, Inc. (duPont) manufactured the line.
 
 
 2
 Plaintiffs contend that defendant should be held responsible for the plaintiffs' lack of awareness that the line they were using was not suitable for world record fishing because it was manufactured to break at or above 80 pounds of pressure. World record competition fishing in the 37 kilogram class required that the line break at or below 37 kilograms (approximately 82 pounds) of pressure.
 
 
 3
 Plaintiffs commenced this action on July 8, 1986, alleging negligence, negligent misrepresentation, breach of express and implied warranty, and breach of warranty of fitness for a particular purpose.
 
 
 4
 The District Court granted summary judgment on all claims and entered judgment for defendant by order dated May 27, 1987. We affirm for the reasons stated below.
 
 I.
 
 5
 The district court found, and plaintiffs concede on appeal, that plaintiffs allege only economic loss. The district court also found that plaintiffs had abandoned the factual allegations supporting their separate negligence claim. The court treated the negligence claim as abandoned and focused only on the negligent misrepresentation claim. Plaintiffs do not challenge on appeal this characterization of their claims, and we therefore accept it as correct.
 
 
 6
 The district court, relying on Wood Products, Inc. v. CMI Corporation, 651 F.Supp. 641 (D.Md.1986), and Copiers Typewriters Calculators, Inc. v. Toshiba Corporation, 576 F.Supp. 312 (D.Md.1983), held that Maryland law does not allow recovery of solely economic loss under a tort theory of negligent misrepresentation. We agree with the court's reasoning in Wood Products, supra, that no Maryland court has recognized a negligent misrepresentation claim for solely economic damages in a product liability case and that it would be inappropriate for a federal court "to extend theories of negligent misrepresentation into an area where the Maryland General Assembly has carefully determined who may assert what claims against whom" by a pervasive statutory scheme governing warranty claims in product liability cases. Wood Products, 651 F.Supp. at 648.
 
 
 7
 The decision of the Maryland Court of Appeals in Jacques v. First National Bank of Maryland, 307 Md. 527, 515 A.2d 756 (1986), does not alter the result in this case, although it suggests a different analysis. The Jacques court stated that "if the risk created by negligent conduct is no greater than one of economic loss, generally no tort duty will be found absent a showing of [contractual] privity or its equivalent." Jacques, 515 A.2d at 761.
 
 
 8
 In this case the alleged negligent misrepresentation was an advertisement published approximately one year prior to the purchase of the fishing line. The advertisement was directed to the general public, not to plaintiffs alone. Plaintiff Windsor purchased the fishing line on June 2, 1981, from Bonitz Brothers, Inc. in Harrisburg, Pennsylvania, not from defendant duPont. There was no close relationship or privity between plaintiffs and defendant sufficient to support a tort duty imposing liability for economic loss on defendant. We therefore affirm the district court's dismissal of the negligent misrepresentation claim.
 
 II.
 
 9
 The district court doubted whether the 1980 advertisement could be considered a warranty. We share this doubt, but decline to reach this issue because we affirm the district court's holding that the warranty claims are time-barred under Sec. 2-725 of the Maryland Code.
 
 
 10
 The district court's judgment of dismissal is therefore AFFIRMED.